IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JEFFREY WAYNE WANSLEY                                                        PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:07cv83–KS-MTP

RONALD KING, *et al.*                                                        DEFENDANTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Motion for Injunctive Relief [27] and the Motions for Hearing [46][49] filed by the Plaintiff. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Motions [27] [46] [49] be DENIED.

In his Motion [27], Plaintiff complains of exposure to unreasonable levels of second-hand smoke at SMCI-II. He states that he is housed in a unit where smoking is permitted and where 95% of the inmates smoke. He claims that Defendants are in violation of the Mississippi Clean Indoor Air Act, MDOC Policy 25-05-F, and the Eighth Amendment. Plaintiff alleges that he was diagnosed with bronchitis and prescribed medication and an inhaler due to his exposure to second-hand smoke.

Plaintiff seeks the following injunctive relief: for the Defendants to abide by the Mississippi Clean Indoor Air Act and MDOC Policy 25-05-F, and/or to designate one building or zone at SMCI as smoke-free, and/or to move him to a non-smoking facility.

The Defendants claim that Plaintiff failed to establish that he is subjected to an unreasonably high level of second-hand smoke and that the Defendants created a risk that violates constitutional standards of human decency. In support of their position, the Defendants submitted the affidavit of Ron King stating that SMCI abides by the MDOC Policy "Smoke Free

Environment for Offenders, DOC-20-10" and that smoking is not allowed in the inmates' sleeping areas. Defendants also claim that the Plaintiff has failed to prove the elements necessary to obtain injunctive relief.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

The court finds that the Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and has failed to make a clear showing of irreparable harm. In order to succeed on an Eighth Amendment claim for exposure to environmental tobacco smoke ("ETS"), the Plaintiff must show that he is exposed to unreasonably high levels of ETS and that the prison officials demonstrated deliberate indifference to his situation. *See Callicutt v. Anderson*, 48 Fed. Appx. 916, 2002 WL 31114947, at *1 (5th Cir. Sept. 11, 2002); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). The Plaintiff has failed to establish either of these elements at this stage of the litigation. Further, it appears from the Defendants' submissions that Plaintiff himself may be a smoker, as evidenced by his regular tobacco purchases, making an injunction unnecessary.[1]  *See* Ex. A at 6-11. Accordingly, he is not entitled to the extraordinary remedy of

---

[1] Although Plaintiff contends that he purchases tobacco for his friends, and not himself, the court finds this contention somewhat unavailing as he is either smoking or providing the

injunctive relief.

## RECOMMENDATION

As the Plaintiff has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is the recommendation of the undersigned that Plaintiff's Motion for Injunctive Relief [27] and Motions for Hearing [46] [49] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 21st day of April, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

products for others to create the second-hand smoke to which he objects.  *See* Reply [33] at 12, 14.