IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JEFFERY WAYNE WANSLEY

VS.                                             CIVIL ACTION NO. 2:07cv83-KS-MTP

RONALD KING, ET AL

<u>ORDER</u>

This cause is before the Court on Motion for Permanent Injunction filed by Jeffery Wayne Wansley [27], Defendants' Response to Plaintiff's Motion for Injunctive Relief [32], Report and Recommendation by Magistrate Judge Michael T. Parker relative to said motion [51], Objection to Report and Recommendations filed by Jeffery Wayne Wansley [54] and Supplement to Objection filed by Jeffery Wayne Wansley [55] and the Court after considering the pleadings and being fully advised in the premises finds that the Motion for Permanent Injunction should be **denied** for the following reasons:

Before the Court is a Motion for Injunctive Relief filed by Jeffery Wayne Wansley. The original complaint complains of exposure to unreasonable levels of environmental tobacco smoke (ETS). In his complaint he claims that the Department of Corrections violates its own policy regarding smoking in its facilities and, further, Plaintiff claims that he is severely and adversely impacted by having to breathe second hand smoke.

The party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following:

(1)   A substantial likelihood of success on the merits;

1

    (2)    A substantial threat that failure to grant the injunction will result in irreparable injury;

    (3)    The threatening injury must outweigh any damage that the injunction will cause to the adverse party; and

    (4)    The injunction must not have an adverse effect on the public interest. (*Women's Med. Ctr. Of Northwest Houston v. Bell*, 248 F. 3rd 411, 419 N. 15 (5th Cir. 2001).

"An injunction is an extra ordinary remedy that should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Vaune*, 534 F. 2d 1115, 1121 (5th Cir. 1976). Plaintiff claims an Eighth Amendment violation as a result of the exposure to ETS and that prison officials are deliberately indifferent to his situation to the extent of a constitutional violation.

The Plaintiff alleges adverse health effects and the Defendants counter with an affidavit that states that he is not exposed to ETS and that the sole reason for Plaintiff bringing this suit is so that he can be transferred to an institution closer to his friends and family. In the objection to the motion, Plaintiff furnishes affidavits from other inmates which state that he is, in fact, exposed to ETS and, further, that Plaintiff is not a smoker.

Affidavits are in the record from the Defendants which state that Plaintiff regularly purchases smoking materials from the commissary and, further, an affidavit from the treating physician that the Plaintiff has only complained once for a sinus congestion and cough as well as chest pain, claiming exposure to second hand smoke. The medical claim was made on July 19, 2007.

Considering all of the above, this Court finds that inmate Wansley has failed to meet the four prerequisites for injunctive relief. The Court specifically finds that Plaintiff has failed to

show that he would suffer irreparable injury if the injunction is not granted. He specifically has not established proof sufficient for this Court to grant the injunctive relief requested.

Additionally, this Court finds that motions #46 and #49, which relate to a hearing on motion #27, should be **denied**.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that the Report and Recommendations of the Magistrate Judge is adopted by this Court and Plaintiff's Motion for Injunctive Relief [27] and Motions for Hearing [46][49] are hereby **denied**.

SO ORDERED this, the 31st day of July 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE