**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JEFFREY WAYNE WANSLEY**                                         **PLAINTIFF**

**VERSUS.**                                **CIVIL ACTION NO. 2:07cv83KS-MTP**

**RONALD KING, et al.**                                               **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the court pursuant to the Report and Recommendation **[#59]** of Magistrate Judge Michael T. Parker recommending the denial of a Motion for Summary Judgment [#29] filed by the plaintiff and of a Cross-Motion for Summary Judgment [#44] filed by the defendants. The plaintiff has filed the only objection thereto.

When a party objects to a Report and Recommendation this court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this court will examine the entire record and will make an independent assessment of the law.

The court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United*

*States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely re-urges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

As required by 28 U.S.C. § 636(b)(1) the court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the plaintiff's objections and concludes that Wansley's objections are without merit and should be denied for the following reasons.

## ANALYSIS

The Report and Recommendation of U.S. Magistrate Judge Michael T. Parker recommends that the Motion for Summary Judgment filed by Jeffery W. Wansley and the Cross-Motion for Summary Judgment filed by Defendants both be denied. The Court has considered the Objections filed by Plaintiff, Wansley, and they will be addressed in the order presented.

**OBJECTION I:**  That the Magistrate Judge made the finding that Plaintiff must show that he was unreasonably exposed to high levels of environmental tobacco smoke (ETS).

This Court is mindful that Plaintiff has filed a Motion for Summary Judgment. In doing this he must meet the traditional standards for granting a summary judgment, establish that taking the proof in the light most favorable to the non-moving party, that he has shown that there is not a question of fact that remains that prevents him from getting a judgment as a matter of law.  In submitting his argument, he urges the case of *Helling v. McKinney*, 509 U.S. 25, 35 (1993).  The complaint brought by Plaintiff in this

court is filed pursuant to 42 U.S.C. § 1983 and he is asking this Court to find that there is a constitutional violation by the state. His argument is that there is no level of smoke that should be tolerated and cites prison policy rule number 25-05-F, which prohibits the use of tobacco inside facility units.  Line 12 of the applicable standard states: "Smoking will not be permitted inside facility buildings."  There is a difference between a violation of a regulation and a constitutional violation. A violation of the regulation may rise to the level of a constitutional violation, but that is a question of fact that must be determined by the jury. The affidavits submitted by the Defendant attest that the Plaintiff is not exposed to ETS.  Therefore, the question of material fact is, "is Plaintiff being exposed to levels of ETS that violate the standards set forth in *Helling.*  This is a question of fact that will need to be determined by the jury.

**OBJECTION II:**  That the Magistrate made a finding that Ronald King's affidavit swears that SMCI abides by MDOC policy, document 20-10.

Plaintiff submits that the summary judgment should be granted because the affidavit of Mr. King is not admissible evidence. Affidavits are relied on at this stage of the proceeding and what is before this Court is a classic question of a material fact issue. That is, are the regulations of the MDOC being enforced by the agency?  Where there is conflicting proof, the ultimate decision is for the trier of fact, *i.e.* the jury.

**OBJECTION III:**  That the Magistrate relied on the affidavit of Dr. Woodall to preclude Plaintiff's Summary Judgment Motion.

Plaintiff states that the affidavit is refuted by submissions that have been submitted by Plaintiff, including affidavits of other inmates living in his area.  While

Wansley may be correct in his interpretation of the proof and his insistence that his proof is true and the state's is not, the summary judgment process does not allow this Court to make determinations of fact such as this that are in dispute. Wansley will be allowed to test the credibility, reliability and relevance of the witness when the witness testifies at trial. The affidavit will not be allowed as evidence. Whether or not Wansley has significant health problems is also a question of fact for which there is conflicting proof. This Court cannot say that without a doubt there is no issue as to whether or not Plaintiff was harmed by the ETS.

**OBJECTION IV:** The Magistrate held that there are genuine issues of material fact as to whether Plaintiff was exposed to unreasonably high levels of ETS.

In his argument, Wansley states that there is no dispute that the new policy is that facilities be smoke free. The policy may very well be that the facility is smoke free and it may very well be true that the facility is violating its own rule, but this in and of itself, does not establish a constitutional violation. *Helling* has adequately set forth the standard for ETS exposure that rises to the level of an Eighth Amendment violation. Plaintiff will be allowed to present proof as to the level of ETS in his area and the Defendants will be allowed to present their evidence. It is up to the trier of fact to determine whether or not the levels rise to the standards required by *Helling*.

**OBJECTION V:** That the Magistrate held that there are genuine issues of material fact as to whether Defendants acted "[with] deliberate indifference" to his situation, in violation of the Eighth Amendment.

Wansley is correct in his statement that the policy will be considered in the

"deliberate indifference analysis." If, in fact, the facility is allowing smoking in his area and the facility is aware of the problems caused him by the smoking, then the trier of fact will be allowed to consider this to determine whether the actions of the Defendants have risen to the level of deliberate indifference. The effects that any exposure Plaintiff had to ETS and the knowledge of the adverse effects attributable to the Defendants, is part of the proof in this case. He will be allowed to submit this to the trier of fact but, at this juncture, there is sufficient question of material facts to require this Court to overrule the Objections by the Plaintiff.

## **CONCLUSION**

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Wansley's objections lack merit and should be overruled. The Court further concludes that the proposed report and recommendation is an accurate statement of facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendations.

Accordingly, it is ordered that the Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Jeffery Wayne Wansley's objections are **denied**.

SO ORDERED this, the 27th day of August 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE