## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**JEFFREY WAYNE WANSLEY**                                                 **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 2:07cv83–KS-MTP**

**RONALD KING**, *et al.*                                               **DEFENDANTS**

## <u>ORDER</u>

THIS MATTER is before the court on the Plaintiff's Motion for Blank Subpoenas [75], Motion to Amend/Correct Scheduling Order [76], and Motion to Appoint Counsel [77]. The court having considered the Motions finds that they should be DENIED.

In his first Motion [75], Plaintiff requests four blank subpoena forms and the "local rules governing trials." Plaintiff's request for subpoena forms should be denied at this time; the court will address trial subpoenas at the pretrial conference. Further, it is unclear what rules Plaintiff is requesting. The court will address Plaintiff's request for a copy of the rules at the pretrial conference.

In his Motion to Amend/Correct Scheduling Order [76], Plaintiff asks the court to correct the "error" in the Amended Order Setting Trial and Pretrial Conference [71] setting this matter for a bench trial since no party timely made a jury demand. In his Motion [76], Plaintiff claims he has "stressed a jury trial" in many of his pleadings. Specifically, Plaintiff claims he demanded a jury trial in his Objections [67] to Report and Recommendations filed on August 12, 2008, and references Federal Rule of Civil Procedure 38(b). Although Plaintiff did reference a jury for the first time in his objections [67], a demand at this stage of the proceedings does not comply with

Rule 38.[1]

Rule 38 states that "a party may demand a jury trial by by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served . . . ." Fed. R. Civ. P. 38(b). The "last pleading" referenced in Rule 38 "usually means an answer or a reply to a counterclaim." *In re Texas Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995). If a party fails to properly serve and file his jury demand in accordance with Rule 38, he waives his right to a jury trial. Fed. R. Civ. P. 38(d); *see also Raspberry v. Johnson*, 281 F.3d 1279, 2001 WL 1692494, at *1 (5th Cir. Nov. 29, 2001) (holding that plaintiff waived his right to a jury trial since he failed to serve his jury demand in accordance with Rule 38(b)); *Crockett v. Thorne*, 71 F.3d 878, 1995 WL 726574, at *4 (5th Cir. Nov. 17, 1995).

Plaintiff's demand for a jury comes almost a year after the "last pleading" was filed, far beyond the ten-day limit set forth in Rule 38(b). *See* Answer [17] filed 9/27/07. The court is aware of no such demand made before Plaintiff's objections [67] filed on August 12, 2008, and Plaintiff has identified none. Accordingly, Plaintiff's motion for a jury trial should be denied. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989) (holding that plaintiff, a *pro se* prisoner, waived his right to a trial by jury since the first indication of a jury demand was made months after the defendant filed his answer, which was well beyond the ten-day limit set forth in

---

[1]Plaintiff also claims he demanded a jury trial in his request for a settlement conference submitted on August 14, 2008. The request is attached to Plaintiff's motion as an exhibit, but has never been filed with this court. Indeed, the request indicates it was filed with the Fifth Circuit Court of Appeals on August 21, 2008. Nevertheless, such demand does not comply with Federal Rule of Civil Procedure 38 for the same reasons stated above for the demand included in Plaintiff's objections [67].

Rule 38).

Finally, Plaintiff's Motion to Appoint Counsel [77] should be denied for the reasons set forth in this court's previous Order [16] dated September 17, 2007. Plaintiff has not established any "exceptional circumstances" to justify appointment of counsel.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Blank Subpoenas [75], Motion to Amend/Correct Scheduling Order [76], and Motion to Appoint Counsel [77] are DENIED.

SO ORDERED this the 19th day of September, 2008.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge