IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


JEFFREY WAYNE WANSLEY, #W0387

VS.                                                    CIVIL ACTION NO. 2:07cv83-KS-MTP

RONALD KING, ET AL

<u>AMENDED ORDER DENYING *IN FORMA PAUPERIS* STATUS
AND REQUIRING PLAINTIFF TO PAY APPEAL FILING FEE</u>

BE IT REMEMBERED that there came before this Court Notice of Appeal and a Motion for Leave to Appeal *In Forma Pauperis* filed by Jeffrey Wayne Wansley [99]. This Court entered its order granting leave to appeal *in forma pauperis* in February 4, 2009 [101]. It has come to this Court's attention that Jeffrey Wayne Wansley, on no less than three (3) occasions, while incarcerated, brought a civil action or appeal under § 1915, which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Thus, for the reasons stated below, Plaintiff's *in forma pauperis* application should be denied pursuant to 28 U.S.C. § 1915(g).

DISCUSSION

On April 26, 1996 the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA") became law. The PLRA modifies the requirements for proceeding *in forma pauperis* in federal courts. Among other things, a prisoner's privilege to proceed i.f.p. is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The Court must

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerate or detained in any facility brought an action or appeal in a court of the United States

consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F. 3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else. *Id.* At 386-87.

Jeffrey Wansley has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted."[2] Therefore, denial of the Plaintiff's i.f.p. privilege is appropriate. *Id*. At 387.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Order entered by this Court granting *in forma pauperis* [101] is amended and Plaintiff's *in forma pauperis* status should be, and is hereby denied pursuant to 28 U.S.C. § 1915(g).

---

that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] 4:07cv46 (Heck 9/25/07);
3:00cv995 (frivolous 3/27/01);
4:06cv77 (at least implicitly Heck 7/25/06);
4:07cv61 (malicious, (Heck 8/3/07).

IT IS FURTHER ORDERED ADJUDGED that Plaintiff should be and is hereby granted thirty (30) days from the date of this order to pay to the Clerk of Court the requisite appeal filing fee of $455.00.  **Failure to pay the filing fee may result in an order of dismissal for want of prosecution under Fed. R. Civ. P. 41(b).**

**SO ORDERED AND ADJUDGED** on this, the 23rd day of March, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE